UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARTIN PORTILLO, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CIVIL NO. SA-06-CA-1083-OG |
| | * | |
| DOUGLAS DRETKE, et al, | * | |
| | * | |
| Defendants. | * | **2-07CV-013-J** |

## MEMORANDUM AND RECOMMENDATION

Martin Portillo, an inmate in the custody of the Texas Department of Criminal Justice--Correctional Institutions Division ("TDCJ-CID"), filed this lawsuit pursuant to 42 U.S.C. Section 1983 asserting that he was denied adequate medical care. Plaintiff asserts that he has been deprived of special shoes he needs because one of his legs is shorter than the other. Named as defendants are Douglas Dretke, the former director of the TCDJ-CID, several medical personnel at the Clements Unit and Jordan Unit of the TDCJ-CID, and unnamed John Does at the TDCJ-CID diagnostic unit. As required by 28 U.S.C. Section 1915A, the Court has screened plaintiff's complaint to determine if it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. Having considered the complaint and the applicable law, the Court is of the opinion this lawsuit should be transferred to the Northern District of Texas.

Title 28 U.S.C. Section 1391(b) provides that a civil action, wherein jurisdiction is not founded solely on diversity of citizenship, may be brought only in the district where any defendant resides, where a substantial part of the events occurred, or where any defendant may be found. This provision applies in Section 1983 cases. **Urrutia v. Harrisburg County Police Dept.**, 91 F.3d 451, 462 (3rd Cir. 1996); **Andrade v. Chojnacki**, 934 F.Supp. 817, 825 (S.D.Tex. 1996). Neither the events leading up to this lawsuit nor the alleged participants have any connection to the Western District of Texas. Plaintiff does not identify where the diagnostic unit was located. In any event, according to attachments to his complaint, he arrived at that facility in September 2003 and was housed at the Jordan Unit by April 2004. Any complaint for the denial of medical care at the diagnostic unit is barred by the applicable two-year statute of limitations. **Tex.Civ.Prac. & Rem.Code, Section 16.003(a)**. *See* **Stanley v. Foster**, 464 F.3d 565, 568 (5th Cir. 2006).

The Clements Unit is located in Potter County, Texas and the Jordan Unit is located in Gray County, Texas, both counties lying in the Amarillo Division of the Northern District of Texas. The events of which plaintiff complains occurred and most defendants may be found in the Amarillo Division of the Northern District of Texas. Plaintiff lists Dretke's address as Huntsville, Texas. However, he is no longer the director of the TDCJ-CID, so his

2

whereabouts are unknown. In any event, plaintiff does not allege any facts which state a claim for relief against Dretke. Supervisory officials cannot be held liable under Section 1983 for the actions of their subordinates on any theory of vicarious liability. **Estate of Davis v. City of North Richland Hills**, 406 F.3d 375, 381 (5th Cir. 2005). Pursuant to 28 U.S.C. Section 1406(a), this case should be transferred to the Amarillo Division of the Northern District of Texas.

### Recommendation

It is, therefore, the recommendation of the Magistrate Judge that the above-entitled and numbered cause be **TRANSFERRED** to the Amarillo Division of the Northern District of Texas.

### Instructions for Service and Notice of Right to Appeal/Object

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties either by (1) certified mail, return receipt requested, or (2) facsimile if authorization to do so is on file with the Clerk. Pursuant to Title 28 U.S.C. Section 636(b)(1) and Rule 72(b), Fed.R.Civ.P., any party who desires to object to this report must serve and file written objections to the Memorandum and Recommendation within 10 days after being served with a copy unless this time period is modified by the district court. A party filing objections must specifically identify those findings, conclusions, or

recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. **Such party shall file the objections with the Clerk of Court and serve the objections on all other parties and the Magistrate Judge.** A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. **See Thomas v. Arn**, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation contained in this Memorandum and Recommendation within 10 days after being served with a copy shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. **Douglass v. United Services Automobile Association**, 79 F.2d 1415, 1428-29 (5th Cir. 1996).

It is so **ORDERED**.

**SIGNED** December 28, 2006.

_____
JOHN W. PRIMOMO
UNITED STATES MAGISTRATE JUDGE

4