**FILED**

**AUGUST 9, 2007**
KAREN S. MITCHELL
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| MARTIN PORTILLO, PRO SE, § | | |
| TDCJ-CID No. 1185391, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | 2:07-CV-0013 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Director, TDCJ-CID, § | | |
| Dr. NFN REVELL, Dr. PATEL DHIRAJLAL, § | | |
| JOHN DOE #1, JOHN DOE #2, and § | | |
| JOHN DOE #3, § | | |
| § | | |
| Defendants. § | | |

### MEMORANDUM OPINION AND ORDER OF DISMISSAL

The instant cause was originally filed in the United States District Court for the Western District of Texas, San Antonio Division, and was transferred to the United States District Court for the Northern District of Texas, Amarillo Division, on January 24, 2007.

Plaintiff MARTIN PORTILLO, proceeding *pro se* and while a prisoner in the custody of the Texas Department of Criminal Justice, Correctional Institutions Division, has filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-named defendants and has been granted permission to proceed *in forma pauperis*.

On June 22, 2007, the Court issued a Briefing Order and Questionnaire giving plaintiff twenty days in which to respond with factually specific allegations of the circumstances underlying his claims against each defendant. Plaintiff was informed that a failure to respond would be construed to be a failure to prosecute and could lead to the dismissal of the instant cause.

The response period has expired, and plaintiff's only response was to file a July 23, 2007 "Motion to Object Questionnaire."

It appears plaintiff has decided to stand on his pleadings and refuses to comply with the Court's Order.

## JUDICIAL REVIEW

When a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, the Court must evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. 1915A; 28 U.S.C. 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every *pro se* complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

The District Judge has reviewed plaintiff's pleadings and has viewed the facts alleged by plaintiff to determine if his claim presents grounds for dismissal or should proceed to answer by defendants.

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

## THE LAW AND ANALYSIS

Analysis of plaintiff's claims as they are stated in plaintiff's original complaint, at the hand-printed page entitled "IV. Parties to the Suit: V. Statement of Claim:," reveals plaintiff's claims against defendants REVELL and PATEL are vague and conclusory, failing to give these defendants notice of what plaintiff's claim is and the grounds on which it rests. Plaintiff merely states REVELL was deliberately indifferent and denied plaintiff's "medical needs and treatment" by sending plaintiff to a Dr. Uy (not named as a defendant). Plaintiff states PATEL denied him medical footwear and treatment which caused permanent physical injury. Plaintiff does not state what footwear, what treatment, or what injury he references and provides no indication of the date(s). Plaintiff appears to confuse a list of generalized complaints with a legal complaint, that is, a document, in relevant part, clearly and concisely setting forth his claim or entitlement to relief from the person(s) or entity(ies) sued and stating the relief requested. Rule 8, F.R.C.P. Further, in the context of actions arising under Title 42, United States Code, section 1983, a plaintiff is required to state specific facts rather than conclusory allegations in his complaint. *O'Quinn v. Manuel*, 773 F.2d 605 (5th Cir. 1985), as amended. Thus, plaintiff's statement of his claims against REVELL and PATEL fails to comply with Rule 8, Federal Rules of Civil Procedure, *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), and fails to state a claim on which relief can be granted.

As to plaintiff's claim against defendant QUARTERMAN[3], plaintiff's statement of claim is merely that he "is responsible for all this below." It appears plaintiff is suing defendant QUARTERMAN because of his supervisory capacity; however, the acts of subordinates trigger

---

[3]Substituted for Douglas Dretke.

no individual section 1983 liability for supervisory officers. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314(5th Cir. 1999). A supervisory official may be held liable only when he is either personally involved in the acts causing the deprivation of a person's constitutional rights, or there is a sufficient causal connection between the official's act and the constitutional violation sought to be redressed. *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir.1987); *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir.1981) (*per curiam*). Plaintiff has alleged no fact demonstrating personal involvement and has alleged no fact showing any causal connection between QUARTERMAN's acts or omissions and whatever constitutional violation(s) plaintiff is attempting to allege. Consequently, plaintiff has failed to state a claim against defendant QUARTERMAN on which relief can be granted.

As to defendant JOHN DOE #1, plaintiff alleges that this defendant confiscated plaintiff's medical shoes on intake at the TDCJ-CID Diagnostic Unit. While plaintiff has refused to provide the date of this confiscation, the first sick call request attached to plaintiff's original complaint is dated March 21, 2004, indicating plaintiff would have gone through intake at the Diagnostic Unit sometime before that date. There is no federal statute of limitations for civil rights actions; therefore, the two-year Texas general personal injury limitations period is applied. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993). Plaintiff filed the instant suit in December of 2006. Any date before December of 2004 is outside the statute of limitations. It appears that the confiscation of plaintiff's medical shoes occurred before March 21, 2004 and is barred by limitations. Plaintiff's claim against defendant JOHN DOE #1 lacks an arguable basis in law and is frivolous.

Plaintiff has made no allegations of any sort against defendant JOHN DOE #2 and JOHN DOE #3, and these defendants will be dismissed accordingly.

## CONCLUSION

Pursuant to Title 28, United States Code, section 1915A and section 1915((e)(2), as well as Title 42, United States Code, section 1997e(c)(1),

IT IS HEREBY ORDERED that the Civil Rights Complaint filed pursuant to Title 42, United States Code, section 1983, by plaintiff MARTIN PORTILLO is DISMISSED WITH PREJUDICE AS FRIVOLOUS AND FOR FAILURE TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED IN COMPLIANCE WITH RULE 8(a), FEDERAL RULES OF CIVIL PROCEDURE.

LET JUDGMENT BE ENTERED ACCORDINGLY.

All pending motions are DENIED.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail. The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX 78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

IT IS SO ORDERED.

ENTERED this  9th  day of August, 2007.

/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE